**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHNY FRANTZ BONHEUR,

        Plaintiff,

v.

                                    Case No. 3:26-cv-1360-WWB-SJH

OFFICER Z. SNYDER, and
HAMILTON CI MAIN UNIT,

        Defendants.
_____

**ORDER**

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. (Doc. 1). He also moves to proceed *in forma pauperis*. (Doc. 2). Plaintiff sues Officer Z. Snyder in his official capacity, and Hamilton Correctional Institution in its individual capacity. In his Complaint, Plaintiff complains that while Officer Snyder was escorting Plaintiff to the shower, Plaintiff slipped and fell with his hands handcuffed behind his back and that Officer "let [him] go down." (*Id.* at 5). As relief, he requests medical attention for his injuries and that a caution sign "be shown." (*Id.*).

Under the Prison Litigation Reform Act ("**PLRA**"), a district court must dismiss a complaint or any portion of the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the language of Federal Rule of Civil Procedure 12(b)(6), courts apply the same standard in both

contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); s*ee also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Id.*

Here, Plaintiff's complaint is subject to dismissal under the PLRA for his failure to state a plausible claim under § 1983. Initially, Hamilton Correctional Institution is not a legal entity amenable to suit. Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." *Monroe v. Charlotte Cnty. Jail*, No. 2:15-cv-729-FtM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015); *MacFaddin v. Blackwater River Correctional*

*Rehabilitation Facility Center*, No. 3:24cv59, 2024 WL 2835493, at *2 (N.D. Fla. Apr. 5, 2024) (finding that "[u]nder Florida law, a correctional facility . . . is not capable of being sued").[1]

As to Plaintiff's official capacity claim against Officer Snyder, "when an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against the entity to which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (internal quotations and citations omitted). Thus, a suit against Officer Snyder in his official capacity is equivalent to suing the Florida Department of Corrections ("**FDOC**"). To proceed on such a claim, a plaintiff must allege that a policy, custom, or practice of the FDOC was the "moving force" behind any alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693–94 (1978) (concluding that municipal liability under § 1983 occurs "when execution of a government's policy or custom" is "the moving force" behind the constitutional violation). Here, Plaintiff fails to allege any policy, custom, or practice of the FDOC was the moving force behind his alleged constitutional violations. Accordingly, as Plaintiff only sues Officer Snyder in his official capacity, he has failed to state a claim against him. Therefore, Plaintiff's complaint is subject to dismissal as he fails to state a claim upon which relief may be granted against either named defendant.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

---

[1] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

3

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on June 9, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

JaxP-12

C:   Johny Frantz Bonheur, #T48091

4